This case involves an immigration case in which the client was charged with two firearms offenses, one being possession of a firearm, which was charged as possession of a destructive device, and the other being charged with exhibiting a firearm. The government offered no documents to support the convictions in this case. Judge Goldberg But let me ask you something about the lack of documents. The purpose of the document is to be evidence. A certified copy of a judgment of conviction is the best evidence of what a person was convicted of. But in this case, there's no evidence that he wasn't convicted of this gun crime. And as far as I could tell, there was a concession by his attorney that he committed the 1203A violation. And also there was testimony under oath by Paniagua that he committed the gun violation. Judge Goldberg Well, he wasn't charged with a 12031A by the immigration. He was charged with 12301A, which are two distinct charges, one's possession of a destructive device, the other's possession of a firearm. He did testify to facts that might amount to possession of a firearm. But that's not what he's charged with in the notice to appear, nor what the judge found him removable on. The basis that the judge found removability was the 12301A. Hold on, that's important. Lay that out again. Okay. The judge found him removable based on a charge of California Penal Code Section 12301A, which is possession of a destructive device. The facts that were testified to might amount to a Penal Code Section 12031A, which is possession of a firearm. Two separate distinct charges. In fact, the 12301A, I believe, deals with destructive devices other than firearms, except for in the fact of a firearm capable of shooting ammunition over .60 caliber, which clearly there was no evidence to show that he was carrying a gun of this magnitude. Or they were talking about projectiles. And let's see, what else? Well, counsel, let's make sure about this. As I understand it, what the district court did, or what the immigration judge did, is that he had in front of him a form I-261, which was filed by your client with the DHS, as I understand it. And that as to that I-261 form, which contained factual allegations and the charges for removability, that right there he made admissions. He conceded proper service of the form. He admitted the additional factual allegations contained therein. Just denied the charge of removability. And that was all that happened. So as I understood it, he admitted to the December 28th, 1993, carrying a loaded firearm and exhibiting the firearm, because that was right in the I-261 form. And he admitted to the 12031A, which he put into his cancellation of removal as part of the convictions that he had suffered. And as far as the 12301A, it was charged, but there was nothing in the writings to say that, yes, I've been convicted of that. And he also, when he testified, denied to ever being convicted of any crime. And then testified to facts that would potentially satisfy a claim for 12031A, but not of the 417A2. I mean, he denied it, irregardless of counsel's admission that this occurred. He himself, when he testified, denied that he had ever been convicted of these crimes. Well, but as I understood it, he looked at the I-261 form, the IJ went through the form, and he made the admissions based upon the form, which gave the allegations necessary in the IJ's mind to find that he was convicted of the appropriate removability under the statute. And what we're really talking about is, does the government need to give the documents or not? And because he's admitted, he's just admitting with facts which might constitute the crime. Is that all that needs to be done? That's what we're really talking about here. Well, the facts establish whether it's a firearm or not for the purposes of falling under the removability statute for possession of a firearm or illegally possessing a firearm. And I believe the Board of Immigration Appeals addressed that in the... Did you read this case Barragan-Lopez v. Mukasey? Right. I did read the new... By the government? Yes, I did read this case. You read where it said, Barragan-Lopez contends that the government's burden of demonstrating the portability by clear, convincing, unequivocal evidence has not been met. But at the hearing, Barragan-Lopez admitted each factual allegation considered by the IJ and the Board for removal. Therefore, his own admissions constitute clear, convincing, and unequivocal evidence. So that's quite a different standard than we have in the normal criminal case, where we would have to go through all of the analysis for finding documents in order to get it done. Based on that case, his admissions are enough to get it done. Why isn't it sufficient to have both the Form 261, I-261, coupled with all of his admissions? Why isn't that sufficient? Well, there's denials in this case. Denials of convictions. There's facts that don't substantiate either of the charges when there was the testimony presented at the trial. I don't understand. He admitted... As I recall, he admitted that he went into a bar and bought a gun from a guy in the men's room and carried it out in a paper bag and then withdrew it from the paper bag. But does that constitute exhibiting a firearm? I don't think it does. It's not an exhibiting in the manner that's described in our Penal Code Section 417A2. It isn't? Why not? Why not? Because the code section itself... Let's see. I've got 417 here. Draws, exhibits firearm whether loaded or unloaded in an angry, threatening manner or unlawfully uses a firearm in a fight or a quarrel. And this is a firearm that was taken out of a bag. Oh, I see. You're saying not necessarily rude, angry or threatening. Right. There's specific elements that have to be met. He didn't testify to elements... to facts that would meet the elements of this crime. They may meet the elements of possession of a firearm, but that's not what the charge is. The charge is possession of a destructive device. Let's see. I guess he's also got 12031A. He's carrying the... Well, it's 12301A is what the charge was, not 12031A. Well, it's close. Yet the same numbers are there. Same numbers, just reverted. I'll agree to that. They're the same number, just different orders. Thank you. Thank you, counsel. May it please the court. My name is Jennifer Paisner on behalf of the respondent, the United States Attorney General. Counsel, it would be vastly easier if government lawyers would do what we used to do in private practice. Right away to the court, send a check and get a certified copy of the judgment or other document needed from the court so that it could be introduced as evidence and was self-authenticating. We don't have that. What do we do? It is true that this record does not... First, let me clarify which California state statute we're resting our argument on. There were two convictions under two separate sections of the California Penal Code. One of them talks about destructive devices. That is 12301A. The other one is section 417A2, which specifically references firearms offenses. It is true that we do not have a document that shows the 12031 or the 417 or the 12301. That is correct. Well, it is true that there is no certified judgment of conviction. Our contention is that the record contains sufficient evidence. Yeah, I know that, but there's no certified copy of the judgment. No, there's not. Too bad. Okay, now tell me exactly what the admission under that Farragon Lopez we can use as testimony. Tell me exactly what his testimony establishes a violation of. Well, we actually maintain that it's not his testimony because the only issue in this case, he doesn't challenge that under the categorical approach that this court uses, he doesn't challenge that 417A2 is not categorically a firearms offense. He doesn't challenge that in his opening brief. Hold on. You're saying the conviction is not established by a certified copy. It's not established by his testimony. So what's it established by? Well, the point is that his testimony is not necessary because the only requirement is the fact of his conviction. We'll talk about the law in a minute. First, I want to know what crime he has been proved by clear and convincing evidence. He admitted at least four separate times and not testimony, not in his testimony before the immigration judge when he described what actually happened, the facts underlying the conviction, the actual conviction. Where did he make the admission? The Form I-261 is the supplemental charges of removability filed by the government. He admitted not in testimony but in what? At the beginning of the hearing before the immigration judge. You mean his lawyer's statement at the beginning? Well, the immigration judge said, do you admit the factual allegations in the notice to appear, and his lawyer said yes. That constitutes an admission to the fact of the conviction under 417A2. So the case stands or falls on whether the lawyer's yes to what the IJ asked about the admission. Counsel, wait. Before we get to arguing whether it's sufficient or not, I just want to know how we write the disposition. There's more. So that's instance one. He then filed two separate applications for relief from removal. One is an application for cancellation of removal, which is in the record, and the other is an application for a waiver of a ground of excludability, which is also in the record. Both of these he signed, affirming that all the contents therein are true. And in both of those, he listed in the section asking for his convictions, he listed a conviction under 417A2. And that's at page 164 of the administrative record. And at page 172 of the administrative record. And in those, he admitted what? Well, the question, for example, on the cancellation application says, I, check one, have or have never been arrested, summoned into court, et cetera, et cetera. And he lists all his convictions. Could that answer just mean arrested for? The words matter. And they're mostly in et ceteras. If he's admitting he was arrested for it, that won't carry the day for you. Well, let me look at 172. I understand. I'm looking for nice, neat words. One way or another, I admit, and then a qualifying conviction. Okay. His application for, at page 172, for the waiver of the ground of excludability. And what does it say? It says, December 28, 1993, conviction for violating California Penal Code Sections 12301A and 417A2. Okay. Say them again. One, two. Conviction for violating California Penal Code Sections 12301A and 417A2. And the words surrounding that are he admits them and he signs it? Well, it says 10, applicant was declared inadmissible to the United States for the following reasons. And then in parentheses, list acts, convictions, or physical or mental conditions. And then typed under that is his list of the convictions. That says what he was declared inadmissible for. That's telling us what the I.J. said rather than what he's. No, no, because this was submitted before the I.J. found him inadmissible. This was submitted during his hearing before the immigration judge. No finding him. Some immigration person would declare him admissible. He wouldn't declare himself inadmissible. Well, but the point is he admits his conviction. He says he has a conviction under 417A2. The question isn't whether he admits. I don't have the administrative record. So you've got to be sure to give me a candid and full disclosure. But the way I understood what you quoted was he admits that he was not admitted because of those convictions, not that he actually was convicted. I'm thinking a person, oh, suppose I was trying to get into the United States, and they said, no, you were convicted of murder. And I said, gee, that wasn't me. And then I filled out this form, and I said, they kept me out because of a murder conviction. But I'm asking for a break because it's not mine. It was some other Andrew J. Kleinfeld. Well, Your Honor, there's nothing in the record, nowhere. I mean, there are at least four separate instances where in one way or another he admits this conviction. He hired his attorney. His attorney speaks for him. And that's the way it works in every immigration proceeding, that the attorney admits or doesn't admit the factual allegations. Okay. So what we should come down to is whether the attorney's admission is clear and unequivocal evidence. Well, we believe that you might be able to find a problem with each individual one, but there are at least four separate instances where in one way or another he admits this conviction, and he never challenges it. Look, I don't have any problem with whether the guy really did it. I mean, he bought a gun in a bar. I'm not supposed to do that and display it after his – for several legal reasons. My problem is our court's precedence. We need the clear and unequivocal evidence one way or another, and I want to know what it is. Well, and under this court's precedent in Barrigan-Lopez, the clear and unequivocal evidence is his admission. His attorney's admission on his behalf. There's no difference between his attorney's admission and his admission. Yeah, but I want you to speak clearly. It's his attorney saying yes. So what we should look at for the clear unequivocal evidence is the question that the I.J. asked and the attorney's yes answer and see if that does it. Is that right? Yes. We would submit that that conclusion is buttressed by the other evidence in the record. Does it need buttressing? No, we don't believe it does, but in addition to that admission are all the other admissions he made in his relief applications. The more we buttress in a disposition, the more we're inviting an en banc because of the buttressing. So I want to know exactly what we've got here that's just ironclad and simple. Okay. Well, the immigration judge questioned to the attorney, do you admit these factual allegations? And the attorney's answer, yes, constitutes. Well, in Tocatli, didn't this court state that it doesn't look beyond the record of a conviction to examine the facts? Well, yes. So this leads me to ask you, were you counsel below? No, I wasn't. Do you know why a certified copy of that conviction wasn't presented? No, I don't. I could speculate that it was because he admitted to the fact of the conviction, but I don't know. It's not in the record. You people use the mail. I mean, practice, we used to mail away for birth certificates, death certificates, certified copies of convictions, all that kind of thing. You don't do that? Well, I don't know in this case why it wasn't done. All I can do, I don't know. I mean, I can speculate, but there's nothing to indicate in the record. Why not? Thank you. I just have two things to address. On the cancellation of removal application where the stated charges were listed, there's several questions that are asked there. Would he have been arrested, convicted? I know. Were he ever arrested?  I don't know. What do you do about the attorney's admission? Well, that's complicated by the fact of the denial by the client when he gets a chance to speak. And another thing is the 601 waiver was not signed by the petitioner. It was signed by the petitioner's daughter as part of a waiver of the grounds of admissibility. So it could not be constituted as an admission by the petitioner. So is testimony contradicted what his attorney purported to admit on his behalf? Yes. Thank you. Thank you, counsel. Oh, incidentally, was counsel below hired by him? He was a voluntary, any attorney. Right. It was an attorney hired by the family, yes. No. Okay. But, you know, it does cause a real problem when we think of what's the trial judge going to do? What's a mother to do? Attorney says, yeah, we admit to everything that's charged in this document. Why can't we rely on that period? Right then and there. One word from the attorney of record representing. Well, then why do we need to take testimony? Yes. He says yes, but then later on we take testimony from the client regarding the different convictions. And when we're looking at his relief. And during that time, that's when he denies that he's ever been convicted. Then he puts facts on the record that don't establish that. And he's found removable after that. I guess he could move to withdraw his admission by his attorney. Right, I believe. And then the IJ would probably give the, what do they call it, DHS prosecutor now, a continuance to get a certified copy of the judgment of conviction. Right. And I was at the council down below. And I can tell you that the certified record wasn't available because it was destroyed. Because it was what? The certified record was destroyed prior to the government requesting it because it had been so old. Because it was a 93 conviction. It was over 10 years old at the time. It was no longer available from the courts. No photo stats? No. No. What they do is on misdemeanor cases, after 10 years, they destroy the file. And there's no record of it. Thank you. Thank you, counsel. Thank you. Paniagua versus Mukasey is submitted. Thank you. Next, Kavanagh versus Felker submitted. Next is Pham versus Tilton.
judges: Kleinfeld, Smith, Mills